IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-3101-01-CR-S-MDH |
| JAMES DIXON, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the Acting United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant James Dixon. As grounds for the motion, the United States submits that:

1. There is probable cause to believe Dixon committed the offenses described in Counts 1 through 4 of the indictment;

2. Dixon poses a risk to the safety of others in the community; and

2. Dixon poses a risk of flight.

### SUPPORTING SUGGESTIONS

**1. Dixon is charged with offenses under the Controlled Substances Act for which imprisonment for 10 years or more is possible.**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions

will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, *et seq.*) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with two such offenses:

1. Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), a crime for which the possible term of imprisonment is not less than five years and not more than 40 years; and

2. Possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on premises where minor child was present or resided, in violation of 21 U.S.C. § 860a, a crime for which the possible term of imprisonment is not more than 20 years.

**2. There is probable cause that Dixon committed the offenses charged.**

Upon a showing that probable cause exists to believe the defendant committed the offenses alleged, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988). In this case, the indictment returned by the Grand Jury provides a showing of probable cause. Section 3142(e) provides a presumption that a defendant will not appear for subsequent court appearances if there is probable cause to believe that the defendant committed an offense listed under the Controlled Substance Act for which the maximum term of imprisonment is ten years or more. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of

the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

This case arose from the execution of a search warrant at Dixon's residence in Springfield, Missouri, on January 21, 2021. Inside the residence, officers located five firearms, two of which held high-capacity magazines. Officers also located approximately 106 grams of methamphetamine, several small clear plastic baggies, digital scales with crystalline residue, and assorted ammunition. Present inside the home were Dixon, Dixon's seven-year-old child, and Zachary Whiteley. Whiteley is a convicted felon who was indicted on August 31, 2021, in Case No. 21-3102-01-CR-S-BCW, in the United States District Court for the Western District of Missouri.

In a post-*Miranda* interview, Dixon admitted to selling methamphetamine. Dixon told the officers that he was unemployed and purchased approximately four ounces of methamphetamine at a time for $2,000. Dixon was previously convicted of the felony offenses of distribution, delivery, manufacture, possession with intent to a distribution of a controlled substance in the State of Missouri. Dixon's criminal conduct shows that he poses an immediate danger to his youngest child as well as to the community at large. Dixon's lack of employment, his association with other felons, and the severity of the charges show that Dixon poses a flight risk.

3

Case 6:21-cr-03101-MDH   Document 11   Filed 09/07/21   Page 3 of 4

## CONCLUSION

In sum, there is probable cause to believe that Dixon committed the offenses alleged in the indictment, crimes for which the maximum term of imprisonment is 10 years or more. Dixon poses both a risk to the safety of the community and risk of flight. For these reasons, the United States requests that Dixon be detained without bail.

        Respectfully submitted,

        TERESA A. MOORE
        Acting United States Attorney

By    */s/ Megan Chalifoux*
        Megan Chalifoux
        Assistant United States Attorney
        Western District of Missouri
        Texas Bar No. 24073674
        901 East St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on September 7, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ Megan Chalifoux*
        Megan Chalifoux
        Assistant United States Attorney